Judge Buckner
delivered the opinion of the Court.
R. Stephens cm the 1st of October 1819, executed his obligation to Douglass binding himself, to convey to him, one hundred and twelve acres of land.
On the 24th of October 1825. Douglass executed a Written lease of the land to I. Sandford'and Robert Hoskins, for the term of two years, from the first of March, next thereafter. On the 27th of September 1S26, Douglass sold the land to Holbert; assigned to him, the bond on Stephens, for a conveyance, and delivered to him, the xvritten lease. In May 1827, Holbert filed his hill in chancery, praying for an injunction against a judgment recovered against him by S. Scott, on a note for ‡ 100, which he, Holbert, bad executed to Douglass, as a part of the price agreed to he given for the land, and which had been assigned bx Douglass to Scott. He alleges, as the grounds of equity, that at the time of his purchase from Douglass, it xvas verbally agreed between them, that he should have possession of the land by the 1st dav of March 1827; and that Hos-kins also agreed, that if Douglass would release him from the nayment of one year’s rent and pay him twenty dollars, he would, at the time aboxm named, deliver the possession to Holbert. He makes Douglass. R Hosidns and Scott, defendants; complains that *2 the contract'had not been complied with, by del ¡veering possession; and prays that Douglass and R. Hoskins may be compelled to comply therewith, or that it may be rescinded, &c.
•Answers denying allegations of bill, though they contain equity, yet bill must he dismissed, unless -there be adequate proof.
Defendant in •Gh’y a competent witness when his interest equipolent between other parties.
By an amended bill, he alleges, that after it was ascertained, that R. Hoskins would not deliver possession as agreed upon, Douglass, to satisfy him, (complainant) for the disappointment, agreed to rent for him another farm, called the Pate-farm, and to permit him to enjoy it, until he could prevail on Hoskins to yield the possession; that in pursuance of that arrangement, Douglass did rent the place pointed out; which he agreed to accept on the terms proposed, and moved to it; but that Douglass, designing to oppress him, declared that he should not live there, and threatened to dispossess him by force; and that in consequence of his menaces, he was induced to leave it.
The circuit court entered a decree rescinding the" contract; perpetually enjoining Scott’s judgmet; that Douglass should pay the amount of it to him; and that he should also pay to Holbert, $467, being the amount of the consideration, and interest thereon which Holbert had paid him in part of the price of the land.
To reverse the decree rendered in favor of Holbert, Douglass prosecutes this writ of error.
The decree cannot be sustained. — Douglass and Hoskins, by their answers expressly deny the grounds of equity relied on, in the bill; and the proof is obviously insufficient to justify the decree, admitting even, that the bill contains sufficient grounds of equity, for the interference of the Chancellor. Indeed, considering the deposition of R. Hoskins, which was taken by leave of the court, subject to any proper exception, they are satisfactorily disproved. That deposition was rejected by the circuit court, upon the ground of a supposed interest on the part of the witness. We do not perceive any interest on his part. The rescission of the contract between Douglass and Holbert, could not affect his claim under the lease. It remains the same, whether the one or the other shall be his landlord. His deposition, therefore, as to the alleged *3 yerbal contract between Douglas and Holbert was admissible evidence.
Mills and Brown, for plaintiff.
The decree must be reversed, and the cause remanded to the circuit court, with directions to dismiss (he hill with costs.